**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CARLOS ARNULFO DAVILA-BALCARCEL[1]**,

    Petitioner,

    v.                                          Civil No. **3:26CV445 (RCY)**

**JEFFREY CRAWFORD**, *et al.*,

    Respondents.

**MEMORANDUM OPINION**

Carlos Arnulfo Davila Balcarcel ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6–7.[2] Respondents filed an Opposition. ECF No. 5. Petitioner has not filed a response. For the reasons set forth below, the § 2241 Petition will be DISMISSED AS MOOT.

## I. BACKGROUND

Petitioner provides very little information in his § 2241 Petition. The background information is necessarily taken from the Bond Memorandum and Order of the Immigration Court,

---

[1] Respondents represent that according to Petitioner's son and as corroborated by agency documents, Petitioner's name is Carlos Arnulfo Davila-Balcarcel, not Carlos A. Davsia Baicarcei. *See* ECF No. 5, at n.1; ECF No. 5-1, at 1. The Clerk is DIRECTED to correct Petitioner's name in the CM/ECF docketing system to reflect the caption above.

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

ECF No. 5-1, filed by Respondents. "[Petitioner] is a native and citizen of Guatemala." ECF No. 5-1, at 1. "[Petitioner] entered the United States without inspection on an unknown date and at an unknown location." *Id.* "[Petitioner] claimed that he has continuously resided in the United States since entering in 1996." *Id.* at 2. Petitioner was "convicted for the offense of felony embezzlement on November 22, 2021" and "was sentenced to ten years of incarceration," which sentence was suspended. *Id.*

Petitioner was taken into immigration custody on January 29, 2026. ECF No. 1, at 5. On March 6, 2026, the Immigration Judge conducted a custody hearing and "denied release on bond to [Petitioner] as a danger to the community." ECF No. 5-1, at 1–2.

On May 21, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. ECF No. 1, at 6. Petitioner argued that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing. *Id.* Petitioner describes the impact of his detention on his minor child and states that he is "concerned over [the child's] mental health and would like [his] son to continue living a normal life with a healthy father supporting him." *Id.* at 7. Petitioner asks the Court to order "[his] release from ICE custody or, in the alternative, to order a fair bond hearing." *Id.* at 8.

On June 9, 2026, Respondents filed an Opposition in which they state that an Immigration Judge conducted a bond hearing on March 6, 2026 and determined that Petitioner was "a danger to the community." ECF No. 5, at 2. Respondents argue that Petitioner "has already been afforded the relief he is seeking" and the § 2241 Petition should be dismissed as moot. *Id.* Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

2

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material

3

jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III.   ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner has already received the relief sought in the § 2241 Petition. Petitioner requested "release from ICE custody" or "a fair bond hearing." ECF No. 1, at 8. On March 6, 2026, the Immigration Judge conducted a bond hearing and "denied release on bond to [Petitioner] as a danger to the community." ECF No. 5-1, at 1–2. Therefore, there is no live case or controversy remaining. *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))). The bond hearing rendered his § 2241 Petition moot. Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

## IV.   CONCLUSION

The § 2241 Petition and the action will be DISMISSED AS MOOT.

The Court's June 2, 2026 Memorandum Order (ECF No. 4), to the extent that it enjoined

Respondents from removing Petitioner from this district after the Court issued a ruling on the

§ 2241 Petition, will be VACATED.

An appropriate Final Order will issue.

_____ /s/ 

Roderick C. Young
United States District Judge

Date:  July 20, 2026
Richmond, Virginia

5